■ COMPTROLLER OF THE STATE OF NEW YORK, as Trustee of the Common Retirement Fund, Respondent, v AVON ASSOCIATES, INC., et al., Appellants, and GARFIELD GLASS CORP. et al., Respondents.—Order and judgment of the Supreme Court, New York County, entered December 9,

1976, of foreclosure and sale, and order of the Supreme Court, New York County, entered February 3, 1977, denying the motion of the appellant Jamaica Savings Bank to stay the foreclosure sale, unanimously affirmed, without costs and without disbursements, for the reasons stated by Judge Schwartz at Special Term. Order, Supreme Court, New York County, entered January 4, 1977, denying the motion of the appellant Avon Associates to stay the foreclosure sale, unanimously affirmed, without costs and without disbursements. The issue is whether with the death of appellant's counsel on the return day of the plaintiff-respondent's motion for an order confirming the Referee's report and for judgment of foreclosure, by virtue of the provisions of CPLR 321 (subd [c]), the judgment of foreclosure entered herein is voidable. No actual prejudice is shown, and the record indicates that the deceased attorney had informed the attorneys for the plaintiff-respondent that there would be no contest of the right to foreclose. Further, in a conference with the court a stipulation was proposed to protect the substantive rights of the appellant Avon, the underlying fee owner, while allowing the foreclosure sale to go forward as scheduled, but Avon did not accept the stipulation. There being no purpose to be served by providing for a delay, and the court having been properly apprised of the situation, "leave of the Court" may be deemed to have been granted for the foreclosure sale. Concur—Kupferman, J. P., Capozzoli, Lane and Markewich, JJ.